UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROSA KATZ,

    Plaintiff,

v.                                      CASE NO. 3:21cv254-MCR-EMT

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER

Pending is the Defendant's Motion to Strike Plaintiff's Rule 26(a)(2)(C) Disclosures, ECF No. 17, arguing the second amended disclosures of three treating physician witnesses do not comport with the requirements of the rule. The Court finds that the motion is due to be granted in part and denied in part.

Treating physicians and similar health care professionals may testify as either a lay witness or an expert witness; however, in order to testify as an expert witness, a treating physician must provide the disclosures required under Rules 26(a)(2)(B) (retained experts) or 26(a)(2)(C) (non-retained experts). Here, the parties agree the witnesses disclosed are not retained experts, so Rule 26(a)(2)(C) governs. This rule requires that for expert witnesses who are not required to provide a report, the party must disclose (i) the subject matter on which the witness is expected to testify as an expert, and (ii) "a summary of the facts and opinions to which the witness is expected

to testify." Fed. R. Civ. P. 26(a)(2)(C). "[D]isclosure under Rule 26(a)(2)(C) for non-retained experts is considerably less extensive than the report required by Rule 26(a)(2)(B) for retained experts, and [c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Skinner v. Walmart Stores E., LP*, No. 3:20-CV-5863-MCR-HTC, 2021 WL 5044995, at *2 (N.D. Fla. Apr. 26, 2021) (quoting *Milton v. C.R. Bard, Inc.*, No. 5:14-cv-00351-TES, 2021 WL 67356, at *8 (M.D. Ga. Jan. 7, 2021)). That said, an examination of cases reflects that, at a bare minimum, a Rule 26(a)(2)(C) disclosure must include not only the topic of expected testimony but also a summary of the physician's actual opinion on that topic. *See e.g., Milton*, 2021 WL 67356, at **9–10 (citing and discussing cases); *Martin v. Wal-Mart Stores East, LP,* No. cv418-197, 2020 WL 5949222, at *1-3 (S.D. Ga. Oct. 7, 2020) (finding it insufficient to say the doctors "will testify as to [their] medical treatment of Plaintiff, as well as causation" without saying what that opinion is); *Carideo v. Whet Travel, Inc.*, No. 16-23658-CIV, 2018 WL 1367444, at *12-13 (S.D. Fla. Mar. 16, 2018) (observing that a disclosure listing only "a laundry list of every conceivable topic on which a doctor might opine on in any type of case" was "inadequate and unhelpful"); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013)

CASE NO. 3:21cv254-MCR-EMT

(finding a Rule 26(a)(2)(C) disclosure inadequate where "the reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion"). The disclosure must "touch all the bases" stated in Rule 26(a)(2)(C) in order to "prevent 'surprise[s] as to the scope of testimony.'" *Cahoo v. Fast Enterprises LLC*, No. 17-10657, 2021 WL 1037727, at *3 (E.D. Mich. Mar. 18, 2021) (quoting *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007)). This requires "a brief account of the main opinions of the expert," including the expert's "view or judgment regarding a matter that affects the outcome of the case." *Id.* In other words, *some* expected opinion must be expressed. *See Milton*, 2021 WL 67356, at **9–10.

The amended disclosures at issue list three witnesses—Brad Farney, D.C.; Jagdeep Chhindra, M.D.; and Gonzalo Valdivia, M.D.—and include the relevant topics of their anticipated testimony, which are not challenged. Instead, Defendants challenge as insufficient the summaries of facts and expected opinions provided.

The disclosure for Dr. Farney, a treating chiropractor, provides:

> . . . Dr. Farney will testify regarding Plaintiff's medical history, the subject automobile collision, treatment of Plaintiff and review of Plaintiff's medical records. It is anticipated that Dr. Farney will opine that Plaintiff's medical treatment has been reasonable and necessary, her injuries were caused by the subject automobile collision, some of her pre-existing conditions were permanently aggravated by the subject automobile collision, Plaintiff sustained permanent injuries as a result

of the subject collision, and the cost of future medical treatment. It is anticipated that Dr. Farney will opine that Plaintiff's past and future medical treatment and expenses are reasonable and necessary

The disclosure for Dr. Chhindra, Plaintiff's primary care physician, provides:

> . . . Dr. Chinndra [sic] [is anticipated to] opine that Plaintiff sustained permanent injuries and permanent aggravations of pre-existing conditions. It is anticipated that Dr. Chinndra will explain all post - accident medical treatment to the jury, to include the diagnostic studies. It is anticipated that Dr. Chinndra will opine that all medical treatment and billing related to the subject automobile collision was reasonable and necessary and give the cost for future medical treatment.

And the disclosure for Plaintiff's treating orthopedist, Dr. Valdivia, similarly states:

> Based upon his review of Plaintiff's pre-collision and post-collision medical records and bills, Dr. Valdivia will opine that the subject collision caused permanent injuries and aggravations to Plaintiff.  It is anticipated that Dr. Valdivia will opine that all of Plaintiff's collision related medical treatment and billing were reasonable and necessary. Dr. Valdiva [sic] will opine that Plaintiff will require future medical treatment and will provide the cost of said treatment.

Defendants argue that these disclosures, while amended and in fact more substantial than the original disclosures, still fail to provide any meaningful information as to each witness's actual opinion on the topics listed.  The Court agrees.  The disclosures indicate that the witnesses are of the opinion that the treatment and billing thus far has been reasonable and necessary and that the Plaintiff sustained "permanent injuries" and "permanent aggravations" "caused by the subject

collision." As is, these disclosures are undeniably vague, leaving the reader with little to no idea of what the witnesses will say regarding which facts led to any particular injury or even what injuries were in fact caused or aggravated by the collision. While the undersigned is hesitant to require more detail, the disclosures must at a minimum express clearly *some* expected opinion and state in basic terms the nature of the "injuries," "aggravations," and "pre-existing conditions" found to exist. *Compare Milton*, 2021 WL 67356, at **9–10 (finding the disclosure adequate where it stated the doctor would give an "opinion as to the necessity of the diagnostic arthroscopic surgery" and that the opinions included "that the failure of the IVC filter caused the device to penetrate through his vena cava into his aorta, and the penetration of the device through his vena cava and into his aorta was the reason he needed open surgery and a complex retrieval procedure."); *Jaworek v. Mohave Trans. Ins. Co.*, No. 19-cv-820-wmc, 2020 WL 3425116, at *2 (W.D. Wis. June 23, 2020) (finding a disclosure sufficient where the expert was expected to testify regarding the plaintiff's "medical history, his injuries, and the care, costs and treatment provided" and would "opine as to causation, permanency, future treatment, and reasonableness of medical treatment," and further stated that one witness would testify that the plaintiff "sustained retinal breaks in the collision,

necessitating retinal detachment surgery," and that an audiologist would testify that "the collision caused permanent bilateral sensorineural hearing loss and tinnitus").

However, the Court finds no need to "strike" the disclosures or the witnesses. It is early enough in the game that any prejudice can be cured by requiring supplemental disclosures. The discovery deadline is February 2, 2022. Both parties acknowledge that discovery is ongoing and that sufficient time remains for Plaintiff to further amend her Rule 26(a)(2)(C) disclosures. Therefore, Plaintiff will be given an additional limited time to amend or supplement her disclosures.

Accordingly, Defendant's Motion to Strike Plaintiff's Rule 26(a)(2)(C) Disclosures, ECF No. 17, is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's Rule 26(a)(2)(C) disclosures will not be stricken, but Plaintiff must amend or supplement the disclosures to provide a brief but adequate summary of the facts and opinions to which each witness is expected to testify.

2. Plaintiff's amended or supplemented Rule 26(a)(2)(C) disclosures are due on or before **November 15, 2021**.

3. To avoid prejudice, Defendant's Rule 26(a)(2) disclosure deadline is extended to **December 1, 2021**.

**DONE AND ORDERED** this 9th day of November 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**